**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-2893

_____

UNITED STATES OF AMERICA

v.

KEVIN LIVSEY,
                           Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(District Court No. 2:18-cr-00143-001)
District Judge: Honorable D. Michael Fisher*

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on May 25, 2022

Before: KRAUSE, PHIPPS, *Circuit Judges*, and STEARNS,† *District Judge*

(Filed: June 3, 2022)

---

\* Honorable D. Michael Fisher, United States Court of Appeals for the Third Circuit, sitting by designation.

† Honorable Richard G. Stearns, United States District Court for the District of Massachusetts, sitting by designation.

_____

**OPINION**[‡]

_____

KRAUSE, *Circuit Judge*.

Kevin Livsey received a 170-month sentence for each of his two drug-trafficking convictions under 21 U.S.C. § 841(a)(1) and (b)(1)(C), to run concurrently, as well as a 60-month sentence for his firearms conviction under 18 U.S.C. § 924(c)(1)(A)(i), to run consecutively, for a total sentence of 230 months' imprisonment. Because Livsey waived his right to appeal and there are no nonfrivolous issues for him to appeal, we will grant his counsel's motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), and dismiss his appeal.

## I. DISCUSSION[1]

When we receive an *Anders* brief, we first ask whether counsel adequately fulfilled the requirements of Third Circuit Local Appellate Rule 109.2(a). *See United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). To determine whether counsel has fulfilled the rule's requirements, we examine the brief to see if it shows that counsel has thoroughly examined the record in search of appealable issues and explained why the issues are frivolous. *See United State v. Marvin*, 211 F.3d 778, 780–81 (3d Cir. 2000). Livsey's counsel thoroughly surveyed the record and explored all possible avenues for appeal,

_____

[‡] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291.

including the validity of Livsey's guilty plea and appellate waiver and the legality and reasonableness of his sentence. We conclude that counsel carried out the "conscientious examination" required by *Anders* and our local rule. *Id.* at 779 (citation omitted).

Next, we ask "whether an independent review of the record presents any nonfrivolous issues" that counsel might possibly have overlooked. *Youla*, 241 F.3d at 300. We begin with the appellate waiver in Livsey's plea agreement, as we will "enforce an appellate waiver and decline to review the merits of an appeal where we conclude (1) that the issues [the defendant] pursues on appeal fall within the scope of his appellate waiver and (2) that he knowingly and voluntarily agreed to the appellate waiver, unless (3) enforcing the waiver would work a miscarriage of justice." *United States v. Grimes*, 739 F.3d 125, 128–29 (3d Cir. 2014) (alteration in original) (citation omitted).

First, to determine the scope of an appellate waiver, we examine the language of the plea agreement and strictly construe it. *See United States v. Corso*, 549 F.3d 921, 927 (3d Cir. 2008). The text of the appellate waiver in Livsey's plea agreement provides that he "waives the right to take a direct appeal from his conviction or sentence" unless the Government appeals from the sentence, the sentence exceeds the statutory maximum set forth in the United States Code, or the sentence unreasonably exceeds the Sentencing Guidelines range determined by the District Court.[2] App. 26–27. None of these exceptions

---

[2] Additionally, the appellate waiver does not preclude Livsey from raising a claim of ineffective assistance of counsel in an appropriate forum. Although Livsey attempts to do so in his pro se brief, we generally address ineffective assistance of counsel claims only on collateral review, where an evidentiary record can be developed. *See United States v. Thornton*, 327 F.3d 268, 271–72 (3d Cir. 2003). Thus, our decision to dismiss Livsey's

apply: The Government has not appealed, the 170-month sentence did not exceed the statutory maximum of 30 years under 21 U.S.C. § 841(b)(1)(C) or life imprisonment under 18 U.S.C. § 924(c), and the District Court imposed a sentence below the applicable Guidelines range of 262 to 327 months' imprisonment.

Second, nothing in the record suggests that Livsey did not agree to the waiver knowingly and voluntarily. At sentencing, the Government reviewed the terms of the plea agreement aloud and the District Court asked Livsey if he understood that he was waiving his right to appeal. Livsey answered in the affirmative. Although Livsey has argued that his plea was not knowing and voluntary because he did not realize he would be sentenced as a career offender, both the Government and Livsey's counsel acknowledged at sentencing that his plea agreement included a stipulation that the career-offender enhancement should be applied. Moreover, Livsey himself stated that he had read and understood the terms of the plea agreement, and that he had discussed it with his attorney. Thus, he has no nonfrivolous argument that he did not knowingly and voluntarily enter a guilty plea pursuant to the plea agreement, which included the waiver of his right to appeal.

Finally, enforcing the waiver would not work a miscarriage of justice in this case. "[T]he miscarriage of justice exception to appellate waivers applies only in 'unusual circumstance[s] . . . with the aim of avoiding manifest injustice.'" *Grimes*, 739 F.3d at 130 (quoting *United States v. Castro*, 704 F.3d 125, 136 (3d Cir. 2013)). Here, there was no

---

appeal is without prejudice to his right to raise this claim on a collateral attack under 28 U.S.C. § 2255. *See id.* at 272.

error, much less manifest injustice. The District Court properly exercised jurisdiction over Livsey's case, accepted his guilty plea after appropriate questioning to ascertain that it was knowing and voluntary, and reasonably sentenced him to a term of incarceration below the statutory maximum. Indeed, the Court not only calculated the Guidelines range correctly[3] and considered the factors required by 18 U.S.C. § 3553(a), but also exercised its discretion in Livsey's favor to impose a below-Guidelines sentence. Thus, any claim that the sentence was procedurally or substantively unreasonable would be frivolous, and because there were no errors, no miscarriage of justice will result from enforcing the appellate waiver.

In sum, our independent review of the record convinces us that this appeal "lacks any basis in law or fact," *McCoy v. Court of Appeals*, 486 U.S. 429, 438 n.10 (1988), and we therefore may "dispose of the appeal without appointing new counsel," 3d Cir. L.A.R. 109.2(a).

---

[3] In a pro se motion for summary reversal, Livsey urges us to vacate his sentence and remand his case for resentencing in light of *United States v. Nasir*, 17 F.4th 459 (3d Cir. 2021), in which we held that inchoate controlled substance offenses do not count as predicate offenses for purposes of determining whether a defendant is a career offender under the Guidelines. Although Livsey contends that he no longer qualifies as a career offender after *Nasir*, neither his two predicate offenses—a 2010 conviction for Delivery/Possession with Intent to Deliver Heroin, *inter alia*, and a 2015 conviction for Possession with Intent to Distribute and Distribution of Heroin—nor the convictions that gave rise to this appeal are affected by our decision in that case, as they are not inchoate crimes. It is true that one of the offenses to which Livsey pled guilty in 2010 was a conspiracy offense, but that does not change the fact that his conviction for the substantive drug crime qualifies as a predicate offense for the career offender enhancement.

**II.      CONCLUSION**

For the foregoing reasons, we will grant counsel's motion to withdraw and dismiss

Livsey's appeal.